UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN MARSHALL MANTEL,

          Plaintiff,

                     Case # 19-CV-6113-FPG

v.

                     DECISION AND ORDER

SMASH.COM INC,

          Defendant.

## INTRODUCTION

Plaintiff John Marshall Mantel brings this copyright infringement action against Defendant Smash.com Inc., alleging that Defendant used his copyrighted photograph without permission. ECF No. 1. On September 10, 2019, the Clerk of Court filed an entry of default against Defendant after it failed to appear or otherwise defend. ECF No. 9. Plaintiff now moves for default judgment. ECF No. 10. For the following reasons, Plaintiff's motion is GRANTED.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, the plaintiff must have secured an entry of default from the clerk, which requires a showing, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend" itself in the action. Fed. R Civ. P. 55(a). Once the plaintiff has obtained an entry of default, and if his claim against the defendant is not "for a sum certain," the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2).

---

[1] On August 13, 2019—after Plaintiff failed to take any action in this case for six months—the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. ECF No. 5. Plaintiff filed a response in which he states that the case should not be dismissed because his claim is meritorious and Defendant did not suffer any prejudice. ECF No. 14. Although Plaintiff does not explain the reason for his delay, the Court agrees that this case should be decided on the merits. Therefore, Plaintiff has complied with the Court's Order to Show Cause.

1

The clerk's entry of default does not mean that default judgment is automatically warranted. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). Instead, "the court may, on [the plaintiff's] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Id.* If liability is established, the Court must then determine the proper amount of damages, which requires evidentiary support. *See id.* at 189 ("[A] party's default . . . is not considered an admission of damages." (quotation omitted)).

**BACKGROUND**

The following facts are taken from the complaint, unless otherwise noted. Plaintiff holds the copyright to a photograph of artist Joe Reginella next to one of his sculptures. ECF No. 1 ¶ 7; ECF No. 1-1 at 2. He registered the work in December 2016. *See* ECF No. 12 at 1.

Plaintiff licensed the photograph to the New York Post, which ran an online article featuring the photograph on September 26, 2016. Plaintiff was identified as the photographer in a "gutter credit" below the photograph.[2]

Subsequently, Defendant ran a similar article that also featured Plaintiff's photograph. Plaintiff avers that Defendant "did not license the [p]hotograph from Plaintiff" or have "Plaintiff's permission or consent to publish the [p]hotograph." ECF No. 1 ¶ 12. In addition, the photograph omits the gutter credit identifying Plaintiff. *See* ECF No. 1-3 at 2. Plaintiff alleges that Defendant copied the photograph from the New York Post's website, removed the gutter credit, and placed the photograph on its own website. *Id.* ¶ 21.

---

[2] A "gutter credit" is a notation directly below a photograph or image that identifies the creator of the work. *See Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 372 (S.D.N.Y. 2019).

Plaintiff brought this action in February 2019. ECF No. 1. He raises two claims: (1) copyright infringement; and (2) removal of copyright management information. *See id.* at 3-5.

## DISCUSSION

### I. Liability

The Court first evaluates whether Plaintiff's allegations, taken as true, establish Defendant's liability. *See Moulton Masonry*, 779 F.3d at 187.

There are two elements to Plaintiff's copyright infringement claim: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Small Bus. Bodyguard Inc. v. House of Moxie, Inc.*, 230 F. Supp. 3d 290, 303 (S.D.N.Y. 2017). "A certificate of registration is *prima facie* evidence that a copyright is valid." *Id.*

Here, Plaintiff has adequately alleged a copyright infringement claim. Plaintiff has a valid copyright for the photograph and alleges that Defendant copied the photograph from the New York Post's website without authorization. The exhibits he attaches to his complaint—screenshots of the two articles—bolster his claim. *See* ECF Nos. 1-2, 1-3. Plaintiff is entitled to a default judgment on his first claim.

As for the second claim, 17 U.S.C. § 1202(b) prohibits a person from "intentionally remov[ing] or alter[ing] any copyright management information" if he knows or has reason to know "that it will induce, enable, facilitate, or conceal an infringement." 17 U.S.C. § 1202(b)(1). "Copyright management information" includes the "[t]he name of, and other identifying information about, the author of a work." *Id.* § 1202(c)(2). A claim under § 1202(b) has four elements: (1) the existence of copyright management information on the infringed work; (2) removal and/or alteration of that information; (3) that the removal and/or alteration was done intentionally; and (4) that the removal was done with knowledge or reason to know that it will

induce, enable, facilitate, or conceal an infringement. *See Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 376-77 (S.D.N.Y. 2019); *Janik v. SMG Media, Inc.*, No. 16 Civ. 7308, 2018 WL 345111, at *12 (S.D.N.Y. Jan. 10, 2018).

Plaintiff has adequately pleaded a claim under § 1202(b). Courts in this circuit have held that copyright management information covers a gutter credit like that appearing in the New York Post article under Plaintiff's photograph. *See, e.g.*, *Mango*, 356 F. Supp. 3d at 377-78 (collecting cases). Plaintiff alleges that the photograph appeared in the New York Post article with copyright management information, and Defendant intentionally removed that information when it posted the photograph on its website. Furthermore, Defendant had reason to know that removing the gutter credit would conceal an infringement—namely, its own—because doing so would hide the authorship of the photograph. *See id.* at 378. Plaintiff's § 1202(b) allegations are sufficient to establish liability.

## II. Damages

The Court turns to damages. "[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Moulton Masonry*, 779 F.3d at 189. Rule 55(b)(2) provides that "on the matter of damages the court may conduct such hearings or order such references as it deems necessary and proper." *Id.* "That rule allows but does not require the district judge to conduct a hearing." *Id.*

Plaintiff requests (1) $30,000 in statutory damages for the copyright infringement claim; (2) $10,000 in statutory damages for the § 1202(b) claim; (3) $2,975 in attorney's fees; and (4) $440 in costs.

### a. Copyright Infringement

"Under the Copyright Act, statutory damages 'in a sum of not less than $750 or more than $30,000 as the court considers just' may be recovered." *Philpot v. Music Times LLC*, No. 16-CV-1277, 2017 WL 9538900, at *5 (S.D.N.Y. Mar. 29, 2017) (quoting 17 U.S.C. § 504(c)(1)). "In awarding statutory damages, courts have broad discretion to set the amount of the award within the statutory limits." *Id.* at *6. "When determining the amount of statutory damages to award for copyright infringement, courts consider: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Id.* (internal quotation marks omitted).

The Court has considered these factors and concludes that statutory damages of $2,500—not $30,000—is appropriate. On the one hand, Plaintiff's allegations and exhibits support a finding that Defendant acted willfully: Defendant copied Plaintiff's photograph directly from another online article, ignored the notation that Plaintiff was the photographer, and removed the gutter credit. *See id.* at *9. Furthermore, as Plaintiff points out, Defendant's status as a publisher in online media makes its infringement more blameworthy. *See also Bryant v. Europadisk, Ltd.*, No. 07 Civ. 3050, 2009 WL 1059777, at *8 (S.D.N.Y. Apr. 15, 2009) ("Courts have found willfulness . . . where sophisticated defendants knew or should have known that their conduct was infringing."). Defendant's default only serves to bolster these allegations. *See Chloe v. Zarafshan*, No. 06-CV-3140, 2009 WL 2956827, at *7 (S.D.N.Y. Sept. 15, 2009) ("Willfulness may be established by a party's default because an innocent party would presumably have made an effort to defend itself.").

On the other hand, Plaintiff presents no evidence of lost revenue or other damages. Statutory damages need not be directly correlated to actual damages, but they ought to bear "some relation to actual damages suffered." *Philpot*, 2017 WL 9538900, at *8. As a professional photographer who licensed the photograph at issue, Plaintiff presumably could have supplied information on his lost revenue, including licensing fees. He chose not to do so. Although he is not required to submit such evidence to obtain statutory damages, the seeming absence of tangible harm is something the Court may consider. *See Boisson v. Banian Ltd.*, 280 F. Supp. 2d 10, 18 (E.D.N.Y. 2003); *Philpot*, 2017 WL 9538900, at *9.

The Court concludes that an award of $2,500 is appropriate. *See Impulsive Music, Inc. v. Bryclear Enters., LLC*, 483 F. Supp. 2d 188, 190-91 (D. Conn. 2007) (awarding $2,500 where defendants demonstrated willfulness but plaintiffs could not "quantify any actual loss suffered"); *Philpot*, 2017 WL 9538900, at *9-10 (awarding $5,000 for unauthorized use of two photographs). Defendant's willfulness—and the need to deter such conduct—justifies an award greater than the minimum, *Philpot*, 2017 WL 9538900, at *9-10, but absent any actual loss, those factors are not so weighty as to warrant an even larger award. *See Mango*, 356 F. Supp. 3d at 375 (awarding $3,750 where plaintiff presented evidence concerning lost revenue).

 b. § 1202(b)

"Civil plaintiffs injured because of a [§ 1202(b)] violation may seek either actual damages or statutory damages of $ 2,500 to $ 25,000 per infringement." *Id.* at 378. "Much like in the determination of statutory damages for copyright infringement, courts typically assess the circumstances of the violation and willfulness of the violation." *Id.* (internal quotation marks omitted). Courts have found an award of $5,000 appropriate in circumstances like these, where there is evidence of willfulness but also a lack of evidence of direct injury. *See, e.g.*, *Myeress v.*

6

*Elite Travel Grp. USA*, No. 18-CV-340, 2018 WL 5961424, at *4 (S.D.N.Y. Nov. 14, 2018); *Reilley v. Commerce*, No. 15-CV-5118, 2016 WL 6837895, at *12 (S.D.N.Y. Oct. 31, 2016). The Court agrees that the present circumstances justify an award of $5,000.

### c. Attorney's Fees

Both of Plaintiff's claims permit him to recover attorney's fees. *See* 17 U.S.C. §§ 505, 1203(b)(5). "When determining whether to award attorneys fees, district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010). Attorney's fees are warranted in this case because of Defendant's willful conduct and default. *See Reilly*, 2016 WL 6837895, at *12.

Plaintiff seeks $2,975 in attorney's fees, which represents seven hours of work at $425 per hour. ECF No. 11 at 6, 7. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* "The burden is on the fee applicant to provide evidence that the requested hourly rates are the prevailing market rates." *Reilly*, 2016 WL 6837895, at *12 (internal quotation marks omitted). "A prevailing market rate should be in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* (internal quotation marks and brackets omitted).

The Court finds that both the hourly rate and hours worked are excessive. Richard Liebowitz, Plaintiff's counsel, states that his hourly rate of $425 per hour is consistent with his status as partner of a law firm and his experience in the copyright field. *See* ECF No. 11 at 6. But the record shows that he graduated from law school in 2015 and is a "prolific filer of copyright

infringement actions" that have "led to him being labeled a 'copyright troll' by a number of courts." *Stridiron v. Cmty. Broadcasters, LLC*, No. 19-CV-108, 2019 WL 2569863, at *4 (N.D.N.Y. June 21, 2019); *see also Pereira v. 3072541 Canada Inc.*, No. 17-CV-6945, 2018 WL 5999636, at *3 (S.D.N.Y. Nov. 15, 2018) (describing Attorney Liebowitz's litigation conduct). Thus, his experience is more consistent with that of an associate than a partner. *See Stridiron*, 2019 WL 2569863, at *4. The Court finds a more reasonable rate to be $180 per hour for similar types of cases in this district. *See Am. Automobile Ass'n, Inc. v. AAA Logistics, Inc.*, No. 18-CV-6040, 2019 WL 1349283, at *6 (W.D.N.Y. Mar. 26, 2019); *Granite Music Corp. v. Center St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 738-39 (W.D.N.Y. 2011).

The number of hours Attorney Liebowitz worked is also excessive. For example, he claims to have expended an hour drafting and filing the complaint, but the complaint is very similar to a complaint he filed one week before in a different case. *See Stelzer v. Irish Studio, LLC*, No. 19-CV-1081, ECF No. 1 (S.D.N.Y.) (filed Feb. 4, 2019). Indeed, the present complaint appears to inadvertently reference the defendant in the *Stelzer* case. *See* ECF No. 1 at 5 (referencing "Defendant Irish"). Likewise, his motion for default judgment largely tracks a motion he submitted in an earlier case. *See Mango v. Pacifica Found. Inc.*, No. 18-CV-6318, ECF No. 12 (E.D.N.Y.) (filed Jan. 17, 2019). Other courts have noticed this as well. *See Whitehead v. Mix Unit, LLC*, No. 17 Civ. 9476, 2019 WL 384446, at *6 (S.D.N.Y. Jan. 31, 2019) (noting that Attorney Liebowitz submitted documents that "closely resemble documents [he] submitted in many other copyright infringement cases"). Furthermore, Attorney Liebowitz billed one hour for "process service of summons and complaint" and "request Clerk's Entry of Default," but those were simple ministerial tasks that, absent more explanation, appear excessive. *See Masino v. A to E, Inc.*, No. 09-CV-1651, 2010 WL 3780176, at *7 (E.D.N.Y. Sept. 3, 2010) ("The number of

hours spent on a lawsuit are considered unreasonable if they are excessive, redundant, or unnecessary.").

Accordingly, in light of the simplicity of the issues, Defendant's default, and the boilerplate nature of much of Plaintiff's filings, the Court concludes that three hours represents the reasonable number of hours that Attorney Liebowitz worked on this case. The remainder are excluded as excessive and unreasonable. *See id.* at *8 ("If the number of hours billed are determined to be unreasonable, the court may exclude that portion of hours it finds to be excessive or unreasonable in its attorney's fees calculations.").

Therefore, the Court awards Plaintiff $540 in attorney's fees for three hours of work at $180 per hour.

### d. Costs

"The Copyright Act allows the prevailing party to recover costs associated with the action." *Korzeniewski v. Sapa Pho Vietnamese Restaurant Inc.*, No. 17-CV-5721, 2019 WL 312149, at *12 (E.D.N.Y. Jan. 3, 2019). Plaintiff requests costs for the court filing fee ($400) and the fee charged by the New York Secretary of State for service ($40). *See* ECF Nos. 1, 6. These costs are recoverable.

### e. Summary

Taking the allegations in the light most favorable to Plaintiff, Defendant's liability is established. Plaintiff is entitled to $2,500 on his copyright infringement claim, $5,000 on his § 1202(b) claim, $540 in attorney's fees, and $440 in costs. Therefore, Plaintiff's total award is $8,480.

**CONCLUSION**

For the reasons discussed above, Plaintiff's motion for a default judgment (ECF No. 10) is GRANTED. Plaintiff is awarded $8,480 ($7,500 in statutory damages, $540 in attorney's fees, and $440 in costs). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 17, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court